```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.  10-24416-CIV-ALTONAGA
                         MAGISTRATE JUDGE P. A. WHITE
```

CARLOS VALDEZ,                  :

    Plaintiff,              :

v.                              :        REPORT OF
                                                        MAGISTRATE JUDGE
JORGE RODRIGUEZ, et al.,        :

    Defendants.             :
_____

The pro-se plaintiff, Carlos Valdez, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) The plaintiff, confined in the Metro West Detention Center, alleges the use of unlawful force upon arrest. The plaintiff is proceeding *in forma pauperis*. [DE# 5].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

        * * *

  (B) the action or appeal –

        * * *

  (i)  is frivolous or malicious;

  (ii) fails to state a claim on which
  relief may be granted; or

  (iii) seeks monetary relief from a
  defendant who is immune from such
  relief.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

  Sec. 1915 Proceedings in Forma Pauperis

        * * *

  (e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

        * * *

  (B) the action or appeal –

        * * *

  (i)  is frivolous or malicious;

  (ii) fails to state a claim on which
  relief may be granted; or

  (iii) seeks monetary relief from a
  defendant who is immune from such
  relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson,

758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

   To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that

3

are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B.  Factual Allegations

The plaintiff names as defendants Miami-Dade Police Officers Jorge Rodriguez, Harry Burkli and Eric Rios. He further adds the Miami-Dade Police Department.

The plaintiff claims that on September 30, 2009, sometime past mid-night, he was arrested, despite not having violated any laws. He claims the police officers drew their firearms as he attempted to enter a vehicle, and fired numerous times, hitting him on his left hand, right elbow and upper right arm. He suffered numerous injuries including "loss of full use of his bilateral upper extremities, diminished muscular integrity and chronic pain"... He claims he did not engage in any assaultive behavior towards the defendants and that the shooting demonstrates use of unlawful force in violation of his civil rights.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

C.  Analysis of Sufficiency of Complaint

At the outset, the claim against the Miami-Dade Police Department must be dismissed because for purposes of a Section 1983 action, a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity. Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla. 1989); DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D.Pa. 2001). The Miami-Dade Police Department is merely an arm of the County, and to successfully state a claim against the County, the plaintiff must demonstrate that a constitutional deprivation resulted from a custom, policy or practice of the County. Monell v Dept. Of Social Services, 436 U.S. 691-694 (1978). The plaintiff had demonstrated no policy or custom used to deprive him of his constitutional rights. This defendant shall be dismissed.

The plaintiff does state a claim for use of excessive force against police officers Rodriguez, Burkli and Rios. Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure

5

is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.  In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. The plaintiff's allegations, that the police officers shot him several times during his arrest, while he demonstrated no aggressive behavior, is sufficient at this preliminary stage, to state a claim. [2]

### III. Conclusion

It is therefore recommended as follows:

1. The complaint be dismissed against the Miami-Dade Police

---

[2] The plaintiff makes a conclusory statement that he was deprived of liberty. He may be attempting to state he was arrested without probable cause, but gives no facts as to this claim, and it is insufficiently pled as stated.

Department pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The complaint shall continue against Officers Rodriguez, Burkli and Rios on the claim of use of excessive force. These defendants shall be served by separate order.

3. The plaintiff may amend his complaint to provide the Court with facts to support a claim for lack of probable cause for arrest.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 10th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Carlos Valdez, Pro Se
      Metro West Detention Center
      Address of Record