**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-24416-CIV-ALTONAGA/White**

**CARLOS R. VALDES**,

     Plaintiff,

vs.

**JORGE RODRIGUEZ**, *et al.*,

     Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report"), issued on April 18, 2011 [ECF No. 11]. On December 10, 2010, Plaintiff, Carlos R. Valdes ("Valdes"), filed a civil-rights lawsuit under 42 U.S.C. § 1983 [ECF No. 1]. The case was referred to Magistrate Judge White pursuant to Administrative Order 2003-19. (*See* [ECF No. 3]).

On April 7, 2011, Defendants sought to stay this case pending the outcome of Plaintiff's criminal prosecution. (*See* Mot. [ECF No. 24]). After considering that Motion, Judge White recommended the case be stayed pending the outcome of Plaintiff's criminal prosecution. (*See* Rep. 2). He determined that Plaintiff's allegations are "integrally related" to the pending criminal charges against him. (*Id.*). Judge White pointed out that as a result, this could raise serious Fifth Amendment issues during the discovery process. (*See id.*). Plaintiff objects to the Report. (*See* Obj. [ECF No. 28]).

In his Objections, Plaintiff concedes that three of the charges pending against him include aggravated assault on a law-enforcement officer with a firearm. (*See* Obj. 1). He is also charged

Case No. 10-24416-CIV-ALTONAGA/White

with possession of a firearm by a convicted felon. (*See id.*). Putting aside the first three charges, Plaintiff states that even if he "where [sic] to get Convicted [sic] of the possesion [sic] of a firearm by a Convicted [sic] felon … [this] is not a violent crime … [and] [t]herefore the possesion [sic] would not be sufficient enough to cause the defendants to open fire …." (*Id.*). He then maintains he was only charged with aggravated assault because he was shot and his pitbull killed. (*See id.* at 2). According to Plaintiff, the charges are a "coverup" of the shooting. (*Id.*). Valdes concludes that whether or not he loses in his criminal case, his case should not be "precluded" here. (*Id.*).

It is well within the Court's inherent powers and discretion to stay this case in the interests of justice. *See Volmar Distribs., Inc. v. N.Y. Post Co. Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Courts consider various factors in deciding whether or not to stay a case:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (citations omitted). Additionally, courts consider (6) "the status of the criminal case, including whether the defendants have been indicted," *Frierson v. City of Terrell*, No. Civ. A. 3:02-CV-2340, 2003 WL 22479217, at *2 (N.D. Tex. Aug. 4, 2003), and (7) "the extent to which the issues in the criminal case overlap with those presented in the civil case," *Heller Healthcare Fin., Inc. v. Boyes*, No. Civ. A. 3:00-CV-1335D, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002). Once a court determines a stay is warranted, the stay must be properly limited so that it is not "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). To not be immoderate, the stay must be limited in duration. *See id.*

The ultimate goal of a stay is to avoid prejudice. *Volmar Distribs.*, 152 F.R.D. at 39. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Id.* (citations omitted). This is because "denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." *Id.* (citations omitted).

The Court is persuaded to exercise its discretion and stay the case pending the resolution of Valdes's criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files … any … claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). A balancing of the above factors demonstrates that in the interest of justice, to preserve Valdes's Fifth Amendment privilege, a stay is warranted.

Plaintiff's Fifth-Amendment rights compel the Court to stay this case because Valdes should not be forced  "into the uncomfortable position of having to choose between waiving [his] Fifth Amendment privilege or effectively forfeiting the civil suit." *Volmar Distribs.*, 152 F.R.D. at 39. If Valdes invokes his Fifth Amendment privilege in this civil suit, it permits adverse inferences to be drawn. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1304 (11th Cir. 2009). But if he chooses not to invoke his Fifth Amendment privilege in the civil trial, or waives it, "any evidence adduced in the civil case can then be used against him in the criminal trial." *Volmar Distribs.*, 152 F.R.D. at 39 (citation omitted). Plaintiff has not indicated his willingness to waive his Fifth Amendment privilege. This constitutional conundrum outweighs any interests in his favor. Furthermore, Plaintiff's objections actually convince the Court that this is the proper result.

Case No. 10-24416-CIV-ALTONAGA/White

His contention that his criminal charges are part of a police coverup of the underlying allegations making up his civil case — the police shooting — demonstrates the two cases are highly intertwined with overlapping issues.  (*See* Compl. 3; Obj. 3).

In addition, the expected scope of this stay is not immoderate; trial in the criminal case is scheduled for later this month.  As a result of the imminent trial date, this is not a situation where the delay is indefinite.  To ensure that the stay does not become immoderate, however, the Court requires Defendants to continually update the Court as to the status of Valdes's criminal case.  Once the criminal trial concludes, including any appeals and post-conviction proceedings, the Fifth Amendment issues should dissipate, and the parties can return here and begin the discovery process, including the taking of Plaintiff's deposition.

Finally, because of the intertwined nature of the pending criminal charges — that Plaintiff allegedly assaulted police with a gun, and the nature of Plaintiff's civil claims — that he was wrongfully shot by police, a conviction may ultimately bar Plaintiff's civil claims.  If convicted, Plaintiff's civil claims may not proceed to the extent that judgment in Valdes's favor here would "necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge **[ECF No. 27]** is **AFFIRMED AND ADOPTED** as follows:

Case No. 10-24416-CIV-ALTONAGA/White

1.      Defendants' Motion **[ECF No. 24]** is **GRANTED**, and this case is **STAYED** pending the outcome of Plaintiff's criminal prosecution, currently proceeding in the Florida state courts.

2.      The Clerk of the Court is **DIRECTED** to mark this case **CLOSED** for statistical purposes only and all pending motions are **DENIED** as moot.  The Court nonetheless retains jurisdiction and the case shall be restored to the active docket upon Court order following motion of a party.  This Order shall not prejudice the rights of the parties to this litigation.

3.      Defendants must file status reports every three months, beginning August 1, 2011, advising the Court of the progress of the criminal prosecution against Plaintiff.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2011.


**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Patrick A. White

       counsel of record

       Carlos Valdes, *pro se*
       #09-0083992
       Triad and Treatment Center
       6950 NW 41 Street
       Miami, FL 33166